[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-11817
Non-Argument Calendar
_____

D. C. Docket No. 99-01235-CV-M-N

JOHN C. KELLIHER,

Plaintiff-Appellant,

versus

ANN M. VENEMAN, Secretary,
United States Department of Agriculture,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 13, 2002)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

John Kelliher alleges that his former employer, the United States Department of Agriculture ("USDA"), committed age and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, et seq., when they terminated his employment and that his discharge was in retaliation for his filing of a complaint with the Equal Opportunity Employment Commission ("EEOC"). As a federal civil servant, Kelliher also claimed unlawful termination under 5 U.S.C. § 7513 and that his discharge was in violation of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302. Kelliher initially brought his claims before the Merit Systems Protection Board ("MSPB" or "Board"). He then appealed to the district court which granted the USDA's motion for summary judgment on the discrimination claims and affirmed the MSPB determinations as to his civil service claims on the record. Kelliher appeals the court's grant of summary judgment and challenges the standard of review applied by the district court in affirming the MSPB's opinion. The question of the correct standard of review to be applied by district courts reviewing MSPB determinations for non-discrimination claims is one of first impression in this Circuit and constitutes the main issue before the court in this appeal.

2

## I. Background

The USDA, Food Safety Inspection Service, employed Kelliher as a Supervisory Veterinary Medical Officer ("SVMO") in a poultry processing plant in Alabama. As SVMO, Kelliher was responsible for ensuring that the chickens were processed according to USDA food safety rules and regulations. The USDA terminated Kelliher in April of 1997, citing serious shortfalls in performance, insubordination and dereliction of duty.[1] Kelliher alleged before the MSPB that he was actually terminated because of racial and age discrimination and in retaliation for previous calls to the whistleblower hotline of the USDA and filing an EEOC complaint. The MSPB found in favor of the USDA on all issues.

Kelliher then appealed the determination of the MSPB to the district court. Reviewing the discrimination claims de novo, the magistrate judge[2] granted summary judgment to the USDA. After examining the record of the MSPB hearing, the magistrate judge affirmed the MSPB's findings as to the civil service claims. Kelliher asserts that the court below erred in its grant of summary judgment to USDA on the race discrimination, age discrimination, and EEOC

---

[1] We see no need to describe in detail the disturbing information presented by the USDA regarding adulterated chicken carcasses that passed as fit for human consumption under Kelliher's watch. Specific facts related to our legal determinations will be cited as necessary.

[2] Because the parties consented to the jurisdiction of the magistrate judge for all proceedings in the case pursuant to 28 U.S.C. § 636(c), the term magistrate judge and district court will be used interchangeably.

retaliation claims.[3]  Kelliher also contends that the district court inappropriately conducted its review of the MSPB's decision as to his civil service claims.  We will examine both in turn.  First, however, we must determine the standard of review this court and the district court should apply in reviewing appeals from "mixed cases" before the MSPB.

## II.  Standard of Review

5 U.S.C. § 7703 provides for judicial review of decisions of the Merit Systems Protection Board.  Generally, the Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals of Board determinations.  See 5 U.S.C. § 7703(b)(1).  In cases where certain discrimination claims are presented before the MSPB, however, the plaintiff may seek review in district court.[4]  See 5 U.S.C. § 7703(b)(2).  In these "mixed" cases where discrimination claims as well as claims not based on discrimination were both presented before the Board, the appeals are not bifurcated; instead, the district court has jurisdiction to review both the

---

[3]  Kelliher only mentioned his EEOC retaliation claim in the summary of the argument in his initial brief.  Because Kelliher made no arguments on the merits as to this issue, the issue is deemed waived.  See U.S. v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

[4]  Claims of discrimination included in 7703(b)(2) are "section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b)of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)) as applicable."  5 U.S.C. § 7703(b)(2).

discrimination and non-discrimination claims.  See Doyal v. Marsh, 777 F.2d 1526, 1536 (11th Cir. 1985).

The discrimination claims are then "subject to trial de novo by the reviewing court."  5 U.S.C. § 7703(c).  Appellant contends that because the claims are treated as a unit rather than bifurcated on appeal, the same de novo standard of review should apply to all of the claims presented before the district court, not just the discrimination claims.  We disagree.

The de novo standard of review for discrimination claims is an exception to the general rule that MSPB determinations are reviewed on the record and set aside only if the "agency action, finding or conclusion" is found to be: "(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).[5]  We have found no case law in this or any other Circuit that would require a de novo review of claims other than discrimination claims presented in a "mixed case." Courts that have addressed the issue uniformly apply the de novo standard of review only to the discrimination claims while other claims adjudicated before the

_____

[5] On the face of the statute, §7703(c) only applies to appeals from MSPB decisions before the Federal Circuit Court of Appeals.  See 5 U.S.C. § 7703(c); Romain v. Shear, 799 F.2d 1416, 1421 n.1 (9th Cir. 1986).

MSPB are reviewed on the record. See Carr v. Reno, 23 F.3d 525, 528 (D.C. Cir. 1994); Washington v. Garrett, 10 F.3d 1421, 1428 (9th. Cir. 1993); Johnson v. Burnley, 887 F.2d 471, 474 n.1 (4th Cir. 1989); Barnes v. Small, 840 F.2d 972, 979 (D.C. Cir. 1988); Romain v. Shear, 799 F.2d 1416, 1421 n.1 (9th. Cir 1986); Williams v. Dept. of the Army, 715 F.2d 1485, 1488 (Fed. Cir. 1983); Hayes v. U.S. Gov't Printing Office, 684 F.2d 137, 141(D.C. Cir. 1982). Non-discrimination claims in "mixed cases" should be reviewed by district courts under the same deferential statutory standard of § 7703(c). See Washington, 10 F.3d at 1428; Johnson, 887 F.2d at 474 n.1; Romain, 799 F.2d at 1421 n.1. Therefore, in § 7703 "mixed cases" the district court should try discrimination claims de novo but apply the arbitrary and capricious standard of § 7703(c) to its review of all other claims brought before the MSPB. See Barnes, 840 F.2d at 979. On appeal we also review the findings on the non-discrimination claims using an arbitrary and capricious standard of review. See Carr, 23 F.3d at 528.[6]

### III. Discussion

#### A. Discrimination Claims

The district court granted summary judgment to the USDA on Kelliher's Title VII and ADEA claims. We review the district court's grant of summary

---

[6] We recognize that "[a] court of appeals review of a district court review of an administrative agency's record is indeed an awkward legal animal." North Buckhead Civic Ass'n v. Skinner, 903 F.2d 1533, 1539 (11th Cir. 1990)(internal quotations omitted).

judgment de novo and apply the same standards as that court. See Lucas v. W.W. Graninger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001).

Kelliher alleges that his discharge from employment with the USDA was motivated by racism and ageism in violation of Title VII and the ADEA. In order to prove a prima facie case of age or race discrimination a plaintiff must prove that he or she was: (1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) replaced by a person outside the protected class or suffered from disparate treatment because of membership in the protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Chapman v. AI Transport, 229 F.3d 1012, 1024-25 (11th Cir. 2000); Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1313-14 (11th Cir. 1994). After the plaintiff proves a prima facie case of discrimination, the defendant need only to produce evidence that there is a legitimate, non-discriminatory reason for the challenged employment action. See McDonnell Douglas Corp., 411 U.S. at 802; Chapman, 229 F.3d at 1024-25; Armstrong, 33 F.3d at 1313-14. The presumption of discrimination is then rebutted and the employer is entitled to summary judgement unless the plaintiff proffers evidence sufficient to create a genuine issue of material fact that discrimination was actually the reason for the challenged action. Chapman, 229 F.3d at 1024-25.

Neither party contends that Kelliher, a white male over 40, does not meet the requirements of the first three elements of a prima facie case of discrimination under both Title VII and the ADEA. The parties disagree, however, whether or not Kelliher was "replaced" by a person under 40 of a different race or if younger employees of a different race were treated differently. We need not determine this issue. Assuming arguendo that Kelliher established a prima facie case of discrimination, the USDA's documented evidence of Kelliher's dereliction of duty and insubordination constituted an adequate non-discriminatory reason for his discharge.[7] Kelliher failed to present sufficient evidence to contradict the numerous reasons proffered by the USDA to convince this court that a genuine issue of material fact exists that the USDA's asserted reasons were a pretext to fire Kelliher because he was a white male over 40 years old.[8] Therefore, we affirm the

---

[7] The USDA presented seventeen non-discriminatory reasons for Kelliher's discharge including failure to maintain slaughter inspection standards on multiple occasions, insubordination in the face of direct orders, failure to perform job duties, and intimidation and mistreatment of subordinate employees. The USDA presented records, memoranda, deposition testimony, and affidavits to support each of the seventeen enumerated bases for discharge. For example, on an inspection of the facility Kelliher's supervisor found carcasses that should have been fit for human consumption but that instead contained gall stains, sores, scabs, fecal stains, and skin or other infections. In addition, Kelliher does not dispute that he ignored direct orders from his supervisor and was absent without leave from his postings on more than one occasion.

[8] In fact, Kelliher's assertions that the allegations made against him are untrue and that his supervisor was out to get him present no relevant proof that his termination was in fact a pretext for race or age discrimination. In his brief in opposition to defendant's motion for summary judgement, Kelliher presented not a scintilla of evidence beyond his prima facie case to show that age or racial animus was the motivation behind his termination.

district court's grant of summary judgment on Kelliher's Title VII and ADEA claims.

B.  Civil Service Claims

Kelliher also appeals the district court's affirmance of the MSPB decision in favor of the USDA on his Whistleblower Protection Act and unlawful termination claims.  See  5 U.S.C. § 2302(b)(8); 5 U.S.C. § 7513.  We review only to ensure that the determination is (1) not arbitrary or capricious, (2) made without regard to law, or (3) not based on substantial evidence.  See Carr v. Reno, 23 F.3d 525, 528 (D.C. Cir. 1994); 5 U.S.C. § 7703(c).

1.  Not arbitrary or capricious

In determining whether the outcome in an adjudication before an administrative agency such as the MSPB is arbitrary and capricious we do not substitute our judgment for that of the agency but rather only seek to ensure that the decision was reasonable and rational.  Zukas v. Hinson, 124 F.3d 1407, 1409 (11th Cir. 1997).  "Along the standard of review continuum, the arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal."  North Buckhead Civic Ass'n v. Skinner, 903 F.2d 1533, 1538 (11th Cir. 1990) (citations and internal quotations omitted).  We must only "consider whether the decision was based on a consideration of the relevant factors and whether there has

been a clear error in judgment." Id. at 1538 (citations and internal quotations omitted).

We determine that the MSPB's decision as to Kelliher's WPA claim and unlawful discharge claim was not arbitrary or capricious. The Board articulated the reasons for its fact finding decisions in its written opinion and applied those facts to the legal standards governing Kelliher's claims.[9] We find that there was no clear error in the judgment of the Board in approving Kelliher's discharge.

As to Kelliher's WPA claim, the Board found Kelliher had established a prima facie case under the WPA. Based on the testimony presented and the documentation provided by the USDA, however, the Board found that the USDA had proven, based on clear and convincing evidence, that they would have fired Kelliher despite his whistle-blowing activity. We therefore find that the decision of the MSPB was not arbitrary or capricious.

2. Without regard to law

---

[9] Specifically, the Board found that the penalty was reasonable because:

> [Kelliher's] neglect of duty specifications go to the heart of the agency's mission to ensure that unwholesome food products do not enter the marketplace. Additionally, failure to follow instructions, and absence without leave warrant a heavy penalty. Furthermore, the appellant's misconduct is aggravated by his supervisory status and the repeated and intentional nature of the offenses. I further note that the appellant has been counseled several times regarding the proper manner to accomplish his duties, and the record does not appear that he did not know how, rather it appears that he intentionally chose not to heed his supervisors' counselings. (citations omitted).

10

Plaintiff also asserts that the decision of the MSPB was made without regard to law because the determination of the MSPB was not made within 120 days as required by 5 C.F.R. § 1201.156(a). Although the 120 days may be relevant in allowing an appeal before a final decision of the Board is issued, we can find no authority for Kelliher's assertion that it renders the decision lawless. See Butler v. West, 164 F.3d 634, 642 (D.C. Cir. 1999) (stating "although the MSPB does not lose its jurisdiction when 120 days elapse without a final decision, the appropriate federal district court can take jurisdiction as well"). Furthermore, Kelliher does not contend that the delay of the Board in rendering its decision prejudiced his rights or affected the outcome of his claims.

3. Substantial evidence

When reviewing administrative decisions to determine if they are supported by substantial evidence this court examines the entire record but defers to the agency's factual determinations as long as there is relevant evidence that supports the finding as reasonable. Fort Valley State Coll. v. Bennett, 853 F.2d 862, 863 (11th Cir. 1988); City of Pompano Beach v. FAA, 774 F.2d 1529, 1539-40 (11th Cir. 1985). This deferential standard of review means that as long as the conclusion is reasonable, we defer to the agency's findings of fact even if we could have justifiably found differently. Fort Valley State Coll., 853 F.2d at 864, 866; City of

11

Pompano Beach, 774 F.2d at 1540.  We do not re-weigh or re-examine the credibility choices made by the fact finder.  Fort Valley State Coll., 853 F.2d at 866.

We find that there was relevant evidence before the Board that supported its determinations.  Affidavits, testimony, and agency records were presented that support the Board's factual findings that were the basis of its decision.[10]  Factual findings involving contested facts were supported by credibility determinations included in the record.[11]

Therefore, because we conclude that the decision of the MSPB was not arbitrary or capricious, made without regard to law, or not based on substantial evidence, we affirm the decision of the MSPB as to Kelliher's WPA and unlawful termination claims.

Accordingly, we AFFIRM the decision of the district court in full.

---

[10]  For example, several subordinate employees presented affidavits that Kelliher routinely completely failed to perform his job duties, was totally unresponsive to complaints about contaminated poultry, and spent a great deal of the time on the telephone.

[11]  Specifically, the Board credited the testimony of four subordinate employees and Kelliher's immediate and area supervisor.  The MSPB also found Kelliher's theory that his supervisor was out to get him to be completely unsubstantiated.