[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14644
Non-Argument Calendar

_____

D. C. Docket No. 03-00156-CV-P-S

HOLLIS B. BARRON,

Plaintiff-Appellant,

versus

FEDERAL RESERVE BANK OF ATLANTA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 19, 2005)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Hollis Barron, an African-American male, appeals the district court's grant

of the Federal Reserve Bank of Atlanta's motion for summary judgment on his 42 U.S.C. §§ 1981, 2000e *et seq.* employment discrimination claims. He also appeals the district court's decisions (1) to grant the motion to sever the claims of six other plaintiffs from the civil action against the Federal Reserve Bank of Atlanta ("FRBA"), and (2) to deny his motions to strike declarations for failure to disclose information under Fed. R. Civ. P. 26(a). Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

A. <u>Employment Discrimination Claims</u>

Barron first argues that the district court erred in concluding that his 42 U.S.C. § 1981 claims were subject to a two-year statute of limitations because in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836 (2004), the Supreme Court held that the four-year statute of limitations under 28 U.S.C. § 1658 applied to claims covered by the 1991 amendment to § 1981, which included failure to promote claims. Second, Barron contends that the court erroneously made a finding on a dispositive and contested fact by determining that FRBA employee Ashley Patrick's promotion to a Grade 27 Financial Services Operations Analyst position from a Grade 26 Quality Control Analyst position was a career progression instead of a vacancy. Third, Barron argues that the district court erred in determining that FRBA articulated a legitimate, nondiscriminatory

2

reason for hiring Michael Jadwin as a Supervisor in Check Collections because FRBA did not specify how the internal candidates were examined for the Check Collection Supervisor position. Fourth, Barron states, in an issue heading to a section of his appellate brief, that the district court erred in determining that his failure to amend his EEOC charge allowed for summary judgment on the Tommy Baswell, Jeremy Whitley, and Blake Andrus claims. However, Barron then argues a completely different issue by asserting that his complaint was sufficient under Fed. R. Civ. P. 8, and if the district court required heightened pleading, it should have allowed Barron to amend his complaint under Fed. R. Civ. P. 15(a).

We review *de novo* a district court's decision to grant summary judgment. *Maynard v. Board of Regents*, 342 F.3d 1281, 1288 (11th Cir. 2003). "A party seeking summary judgment must demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) (citations omitted). In determining whether genuine issues of material fact exist, we resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Id.* "The court may not

3

weigh evidence to resolve a factual dispute; if a genuine issue of material fact is present, the court must deny summary judgment." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).

    1.  <u>42 U.S.C. § 1981 Claims</u>

Barron has waived his claim that the four-year statute limitations period under 28 U.S.C. § 1658 applied to his § 1981 failure to promote allegations because he did not raise the argument with the district court. *See Cooper*, 390 F.3d at 727 n.19, 734. While the Supreme Court issued its *Jones* decision after Barron filed his brief in response to FRBA's motion for summary judgment, *Jones* should not change this Court's waiver analysis because the argument that the four-year limitations period applied to § 1981 claims was not a novel argument when Barron filed his opposition brief. *See e.g., Taylor v. Ala. Intertribal Council Title IV J.T.P.A.*, 261 F.3d 1032, 1034 (11th Cir. 2001) (refusing to consider the argument that the statute of limitations on appellant's § 1981 employment discrimination claim was the four year statute of limitations under 28 U.S.C. § 1658 because immunity applied). Therefore, Barron could have argued the statute of limitations issue before the district court, but he did not. Accordingly, he has waived this issue on appeal.

    2.  <u>Title VII Claims</u>

Under Title VII, it is unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A claim of race discrimination can be made with direct or circumstantial evidence. *See Maynard*, 342 F.3d at 1288. In a circumstantial evidence case, "[t]o establish a prima facie case of discriminatory failure to promote, a plaintiff [generally] must prove: (1) that he is a member of a protected class; (2) that he was qualified for and applied for the promotion; (3) that he was rejected; and (4) that other equally or less qualified employees who were not members of the protected class were promoted." *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001) (citation and internal quotation omitted).

An employee who has not applied for a job opening can still establish a *prima facie* case of discrimination in two circumstances. First, "nonapplicants may be entitled to relief where the employer's clear policy of exclusion would make an application a useless exercise," which requires a two-part showing: (1) "[the nonapplicant] would have applied but for discrimination"; and (2) "[the nonapplicant] would have been discriminatorily rejected had he applied." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1560 (11th Cir. 1986). Second,

5

when no policy of exclusion or formal notice of a job exist, an employer "has a duty to consider all those who might reasonably be interested," so a *prima facie* case will be established when the employee shows that "the company had some reason or duty to consider him for the post." *Id.*

Once the plaintiff establishes a *prima facie* case of discriminatory failure to promote, the defendant has the burden to produce a legitimate, non-discriminatory reason for its decision. *Id.* "[T]he defendant's burden of rebuttal is exceedingly light. . . . At this stage of the inquiry, the defendant need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004) (citation and internal quotation omitted). "If such a reason is produced, a plaintiff then has the ultimate burden of proving the reason to be a pretext for unlawful discrimination." *Denney*, 247 F.3d at 1183.

a. Promotion of Ashley Patrick

Because Barron did not apply for the position that Patrick received, he could only establish a *prima facie* case by showing (1) a clear policy of exclusion made it futile for him to apply, or (2) the company had a duty to consider him for the position. *See Cox*, 784 F.2d at 1560. Barron argues that the district court improperly made a factual finding that Patrick's promotion was a result of a career

6

progression despite contrary evidence that Patrick's promotion was not in fact a progression. A district court is not to weigh evidence to resolve a factual dispute. *See Holifield*, 115 F.3d at 1561. Accordingly, we agree that the district court should not have found that Patrick's promotion constituted a career progression in light of the conflicting evidence.

However, this error was harmless because, regardless of the type of promotion, Barron can not establish a *prima facie* case of discrimination on the basis of race. Specifically, Barron provides no evidence that FRBA had a reason or duty to consider him for the Grade 27 Financial Services Analyst Operations position that Patrick received or that a clear policy of exclusion existed. *See Cox*, 784 F.2d at 1560. Instead, the evidence suggests that Barron was not qualified for the position and FRBA had no duty to consider him for the Grade 27 position.

First, Barron had no experience as a Quality Control Analyst. Barron was in the Protection Department, which protected FRBA's Birmingham branch and employees, and therefore his duties would have been different from those of a Quality Control Analyst. Without this experience, Barron was not qualified for a Grade 27 Financial Services Operations Analyst position because Patrick's and Smith's experiences indicate that the Grade 26 Quality Control Analyst position was a prerequisite for the Grade 27 position. Also, Barron fails to point to any

7

evidence indicating that his experience as a supervisor in the Check Collection and Payment Services Departments prepared him for the Grade 27 position. Finally, Barron was viewed as being difficult to work with at FRBA. Barron was repeatedly told to improve his interpersonal skills and communication. Prior to moving to the Protection Department, Barron received two consecutive "Below Requirements" performance ratings. According to Andre Anderson, the former Branch Manager of the Birmingham Branch and current Vice President of FRBA in Atlanta, "Below" Requirements" ratings often resulted in demotion or disciplinary action up to and including termination.

Therefore, the district court's factual finding regarding the "availability" of the Grade 27 position was harmless error because we agree with the district court that Barron was not qualified for the promotion regardless of whether it was available.[1] Moreover, even if Barron was arguably qualified for the position, Barron has not shown that FRBA had a reason or duty to consider him for the position. Further, even if FRBA had considered Barron for the position, Barron

---

[1] In *Myricks v. Federal Reserve Bank of Atlanta*, No. 04-12246 (11th Cir. March 7, 2005), we vacated and remanded the district court's grant of summary judgment in favor of FRBA where another African American employee alleged discrimination relating to the promotion of Patrick. Notably, in *Myricks*, the district court stopped its analysis after conclusively determining that the promotion was a career progression and hence unavailable to Barron. In the instant case, the district court also erroneously decided that the position was a career progression promotion and thus unavailable to Barron, but continued the analysis and reached the conclusion that regardless of the availability of the Grade 27 position Barron did not produce evidence that he was qualified for the position or that FRBA had a duty to consider him.

has not offered any evidence to show that, compared to him, Patrick was equally or less qualified.

We conclude that Patrick's promotion to a Grade 27 Financial Services Analyst Operations position is not evidence of discrimination because Barron failed to show that he was qualified for the position or that FRBA had a duty to consider him for the position as he had no prior experience in the position and was in the Protection Department when FRBA promoted Patrick.

b. Hiring of Michael Jadwin

Assuming *arguendo* that Barron established a *prima facie* case of employment discrimination based on FRBA's decision to hire Jadwin, Barron still cannot show discrimination. FRBA met its burden of producing a legitimate, non-discriminatory reason for not hiring any internal candidates. Namely, FRBA did not believe that any internal candidates were qualified. While Barron appears to argue that FRBA's burden of production included specifying how internal candidates were hired, he overstates FRBA's "exceedingly light" burden, which is one of production. *See Cooper*, 390 F.3d at 725. The burden of persuasion remains with Barron. *See e.g., Denney*, 247 F.3d at 1183. Therefore, he must prove that the reason provided was pretextual. On appeal, Barron relies on this Court agreeing with his argument that FRBA did not meet its burden of

9

production, and as result, points to no evidence of pretext. Therefore, FRBA's decision to hire outside candidates does not support a claim of disparate treatment because (1) FRBA met its burden of production, namely that there were no qualified internal candidates, eliminating the presumption of discrimination, and (2) Barron failed to present any arguments regarding pretext on appeal.

We conclude that FRBA's decision to hire Jadwin as a Check Collections Supervisor is not evidence of discrimination because FRBA's explanation that there were no qualified internal candidates was a legitimate, non-discriminatory reason and Barron failed to argue that the reason was pretext on appeal.

### 3. Amendment of the EEOC Charge

Barron has abandoned the argument raised in an issue heading that the district court improperly determined that his failure to amend his EEOC complaint precluded him from using the promotion of Baswell and the hiring of Whitley and Andrus as evidence of discrimination. Instead of arguing whether he should have amended his EEOC complaint, Barron contends that his civil complaint was sufficient under Fed. R. Civ. P. 8, or, alternatively, the district court should have allowed him to amend his complaint. These arguments do not address the merits of the issue raised in the issue heading. Therefore, Barron has waived this issue on appeal. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th

Cir. 2004); *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (holding that appellant's reference to an EEOC retaliation claim in the summary of the argument constituted a waiver of the issue because it was not argued on the merits).

Also, we will not consider the arguments regarding the sufficiency of Barron's civil complaint or Barron not being allowed to amend the complaint because: (1) the district court did not grant summary judgment on either of these grounds; (2) Barron never moved to amend his complaint; and (3) even if these were valid arguments, Barron waived them because he never raised these arguments in the district court. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 377 F.3d 1164, 1168-69 (11th Cir. 2004).

B. Motion to Strike

Barron argues that the district court should have struck the declarations of Dennis Blass and Andre Anderson because he was not provided with the subject of the discoverable information that Blass and Anderson had in support of FRBA's claims as required by Fed. R. Civ. P. 26(a)(1)(A). Without this information, Barron alleges that the declarations should have been struck under Fed. R. Civ. P. 37(a) because he was deprived of an opportunity to conduct discovery regarding the substance of Anderson and Blass's declarations.

11

We review a district court's decision regarding a discovery motion such as a motion to strike evidence for an abuse of discretion. *See Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir. 1997). Also, we review a district court's decision whether to impose sanctions for an abuse of discretion. *See SCADIF, S.A. v. First Union Nat.*, 344 F.3d 1123, 1130 (11th Cir. 2003).

Under Fed. R. Civ. P. 26(a), a party must provide the other parties with, *inter alia*, "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). Northern District of Alabama Local Rule 26.1(a)(1)(A) requires that parties "provide to other parties the name and, if known, the address and telephone number of each individual believed by it to have discoverable non-privileged personal knowledge concerning any significant factual issue specifically raised in the pleadings or identified by the parties in their report to the court under Fed. R. Civ. P. 26(f), appropriately indicating the subjects about which the person has such knowledge." N.D. Ala. Local R. 26.1(a)(1)(A). However, if a party fails to make a disclosure under Rule 26(a), "any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2). "A party that without substantial justification

12

fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Rule 37(c), which is a "self-executing sanction for failure to make a disclosure," is "the more effective enforcement" mechanism of the disclosure requirement when "the party required to make the disclosure would need the material to support its own contentions." Fed. R. Civ. P. 37, advisory committee's note (1993).

As an initial matter, Barron waived his claim that Blass's and Anderson's declarations were not based on personal knowledge because he raised it for the first time in the reply brief. *See Lind v. United Parcel Service, Inc.*, 254 F.3d 1281, 1283 n.2 (11th Cir. 2001). Also, the district court did not abuse its discretion in denying the motion to strike Anderson's and Blass's declarations. Because Anderson and Blass were identified in FRBA's Rule 26 disclosures,[2] Barron knew that they were individuals with discoverable information and could have contacted the attorneys for FRBA for clarification or further information about the subject of the discoverable information that they had. Also, because Barron knew the roles of Blass and Anderson in FRBA, he could have inquired into the extent of their

_____

[2] While FRBA's Rule 26 disclosures are not part of the record, the parties apparently agree that Anderson and Blass were identified as individuals with discoverable information because Barron did not challenge FRBA's assertion that it had provided Blass's and Anderson's names in its Rule 26 disclosures.

13

knowledge regarding his claims. There is no indication that Barron sought such information before the motion to strike.

Also, FRBA was substantially justified in not providing the subject of the discoverable information that Blass and Anderson had because they were never mentioned in the civil complaint as perpetrators of discrimination and the nature of the complaint did not reveal what relevant information Blass and Anderson might possess. *See* Fed. R. Civ. P. 37, advisory committee notes (1993) ("Limiting the automatic sanction to violations 'without substantial justification' . . . is needed to avoid unduly harsh penalties . . . ."). As the district court explained, Barron's shot gun complaint did not clearly indicate what role any individuals within FRBA would have had in the alleged discrimination. Further, the district court's scheduling order specifically directed the parties to exchange information required by Local Rule 26.1(a)(1), which only requires the name of individuals who have "personal knowledge concerning any significant factual issue specifically raised in the pleadings or identified by the parties in their report to the court." Because the complaint was vague and failed to name Blass or Anderson as perpetrators of discrimination, it did not reveal a significant factual issue regarding Barron's claims over which Blass and Anderson necessarily would have had information. Nor is there any indication that Blass or Anderson were identified in the parties'

14

report to the court. Therefore, FRBA complied with the Local Rule.

Accordingly, we conclude that the district court did not abuse its discretion in denying the motion to strike.

C. Motion to Sever

Barron argues that the district court should not have granted the motion to sever the seven plaintiffs' claims into separate actions because: (1) he did not have any opportunity to respond before entry of the court's order to sever; and (2) the seven co-plaintiffs' promotion claims were "strikingly similar and connected" because they alleged a pattern and practice of keeping black employees in lower level jobs.

Ordinarily, we review a district court's grant of a motion to sever for an abuse of discretion. *See Bailey v. Board of County Comm'rs of Alachua County, Fla.*, 956 F.2d 1112, 1128 (11th Cir. 1992). When a party fails to raise an argument or issue below, we generally deem the issue to be waived. *See e.g., Four Seasons Hotels and Resorts*, 377 F.3d at 1168-69. Nevertheless, we may review an issue or argument not raised below when: (1) it involves "a pure question of law if the refusal to consider it would result in a miscarriage of justice"; (2) the objection is not raised in the court below because "the appellant had no opportunity to raise the objection"; (3) "there is at stake a substantial interest of justice"; (4) "the

15

proper resolution is beyond any doubt"; and (5) "if the issue presents significant questions of general impact or great public concern." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1301 (11th Cir. 2003).

Barron has waived this issue on appeal because he never objected to the district court's decision to sever below and none of the waiver exceptions are applicable. *See id.*; *Four Seasons Hotels and Resorts*, 377 F.3d at 1168-69. Barron's contention that he had no opportunity to oppose the motion to sever due to the district court's quick decision to sever the claims following FRBA's motion is unpersuasive and does not fall within an exception to the waiver rule because Barron could have sought reconsideration of the court's severance order. Therefore, we conclude that Barron has waived this claim on appeal for failure failed to contest the decision during the district court proceedings.

For the foregoing reasons, we AFFIRM the district court's orders (1) granting summary judgment in favor of FRBA, (2) denying the motions to strike declarations, and (3) granting the motion to sever.

**AFFIRMED.**

16