[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2008
THOMAS K. KAHN
CLERK

------------------------------------------

No. 07-13326
Non-Argument Calendar

------------------------------------------

D.C. Docket No. 06-00167-CV-WB

LINDA C. RICHARDSON,

Plaintiff-Appellant,

versus

ALABAMA PINE PULP COMPANY, INC.,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
----------------------------------------------------------------

**(May 13, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Linda C. Richardson, an African-American female,

appeals the district court's grant of summary judgment in favor of her former

employer, Alabama Pine Pulp Co., Inc. ("APPC"), on her employment discrimination and retaliation claims under Title VII, 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. § 1981.[1]  No reversible error has been shown; we affirm.

Richardson was employed as a control tester at APPC and was responsible for ensuring that the pulp ordered by APPC customers met the specifications of the end user.  APPC received a customer complaint about a deficient order that Richardson had tested; later investigation and remedy of this complaint cost APPC half a million dollars.  Because of the customer complaint, Richardson was, in January 2004, given a written reprimand, suspended for two weeks, asked to prepare a personal improvement plan, and signed a "Last Chance Agreement," which provided for immediate termination upon noncompliance with the improvement plan.  Approximately three months later, Richardson, in violation of company policy, spent three hours of one shift on personal phone calls.  Instead of terminating Richardson, APPC allowed her to sign a second "Last Chance Agreement" -- which it never previously had allowed an employee to do -- and suspended her for 30 days.

---

[1]The elements required to establish discrimination and retaliation claims under section 1981 are the same as those required for Title VII claims.  Goldsmith v. Bagby Elevator Co., Inc., __ F.3d __, __ (11th Cir. 2008) (retaliation); Howard v. BP Oil Co., 32 F.3d 520, 524 n.2 (11th Cir. 1994) (discrimination).

Richardson continued to have work performance and attendance issues. In January 2005, Richardson faxed a doctor's note to APPC which stated that she needed to be out of work until the end of the month for "medical reasons." After receiving no clarification from Richardson about why she could not work, APPC contacted her doctor and explained her job duties. The doctor stated that Richardson was able to work. APPC attempted to schedule a meeting with Richardson to discuss why she needed medical leave, but she was uncooperative. Richardson was terminated upon her return to work in February for her poor work ethic and continued performance problems after being extended two "Last Chance Agreements." After her termination, the other two employees on her shift -- one African-American and one white -- assumed her duties.

Richardson argued that she was terminated based on her race and that a white employee, Jill Hollingsworth, engaged in similar misconduct as her but was not terminated. She also alleged that her termination was in retaliation for her complaint about her supervisor's more favorable treatment of Hollingsworth, which she reported to human resources personnel in June 2003. The district court determined that Richardson had not made a prima facie case of discriminatory discharge because her job duties were assumed by one white employee and one African-American employee and she had not identified valid comparator. The

3

district court rejected Richardson's retaliation claim because, given the lengthy amount of time between her initial complaint of race discrimination and an adverse action, she had not established circumstantial evidence of causation.

On appeal, Richardson argues that she made a prima facie case of discrimination because a genuine fact issue existed about whether she was replaced by someone outside her protected class and because she presented a valid comparator in Hollingsworth. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). A plaintiff fails to establish a prima facie discrimination case if she is replaced by a person in her protected class or fails to show that she was treated less favorably than a similarly-situated person outside her protected class. See Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003).[2]

The district court committed no error when it concluded that Richardson did not make a prima facie case of discrimination. First, the undisputed evidence indicated that Richardson's duties were split between an African-American,

_____

[2]No direct evidence of discrimination is alleged. Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.

someone in her protected class, and a white employee.[3] Second, while Hollingsworth may have been counseled for excessive phone usage and some other similar misconduct, she was not similarly situated to Richardson because Hollingsworth never was the subject of a customer complaint that cost APPC half a million dollars and never was in violation of two "Last Chance Agreements," like Richardson was. See Cooper v. Southern Co., 390 F.3d 695, 741 (11th Cir. 2004) (plaintiff's prior placement in a disciplinary program rendered employees not placed in the program invalid comparators).

Even if we were to assume arguendo that Richardson established a prima facie case, the district court order is due to be affirmed: it rested on the alternative ground that APPC offered legitimate nondiscriminatory reasons for terminating Richardson that were not pretextual. APPC terminated Richardson based on her failure to improve her work performance and work ethic, even in the light of two "Last Chance Agreements." While Richardson argues that she established pretext based on "contradictions and inconsistencies" between company procedures and the reasons given for her termination, she put forth no evidence supporting this

---

[3]In support of Richardson's argument that it is disputed who replaced her, she relies on the deposition of one of her former supervisor's who could not specifically recall who replaced her, but indicated that it "could have been" a white employee. This speculation, in the face of the undisputed evidence that someone in Richardson's protected class assumed her duties, does not create a genuine issue of fact. See Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (speculation does not create a genuine issue of fact).

assertion. See Kelliher v. Veneman, 313 F.3d 1270, 1276 n.8 (11th Cir. 2002) (plaintiff's assertion that his supervisor was "out to get him" did not prove pretext for age or race discrimination); Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997) (the pretext inquiry centers upon the employer's beliefs, and not the employee's own perceptions of her performance).

We turn to Richardson's retaliation claim.[4] She argues that she established a prima facie case of retaliation because immediately after she reported race discrimination in June 2003, she began to be harassed and reprimanded by her supervisors until her eventual termination. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was some causal relation between the two events. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse act were at least somewhat related. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) (in the context of an Americans With Disabilities Act case).

_____

[4]We note our doubts about whether Richardson adequately raised a retaliation claim in her initial complaint; but because the issue is not dispositive and the district court addressed it, we also will address it.

Richardson's retaliation claim is defeated because she can show no causal link between her termination and protected expression. The seven-month gap between Richardson's race discrimination complaint in June 2003 and the adverse action taken against her based on the customer complaint in January 2004 is, by itself, insufficient to establish retaliation under Title VII. See id. at 1221 (stating that three-month interval between protected speech and adverse act is too long, standing alone, to establish an inference of retaliation). Richardson has presented no other causation evidence. Therefore, the district court properly granted summary judgment to APPC on the retaliation claim.

**AFFIRMED.**