[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2009
THOMAS K. KAHN
CLERK

No. 09-11094
Non-Argument Calendar
_____

D. C. Docket No. 07-01613-CV-JEC-1

CAROLYN B. JONES,

Plaintiff-Appellant,

versus

ATLANTA INDEPENDENT PUBLIC SCHOOL DISTRICT,
ATLANTA BOARD OF EDUCATION,
BEVERLY L. HALL,
individually and in her official capacity as
Superintendent,
LISA R. SMITH,
individually and in her official capacity as
School Principal,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 14, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro se plaintiff-appellant Carolyn B. Jones appeals the district court's grant of defendants' Atlanta Independent Public School District, Atlanta Board of Education, Beverly Hall, and Lisa Smith (collectively "Defendants") motion for summary judgment. We affirm.

Jones, a 68-year-old female, was employed as a secretary, first with Anderson Park Elementary and then with Deerwood Academy Elementary. Between 2004 and 2006 there were various complaints from parents and co-workers regarding Jones' behavior and unprofessional conduct. Jones received counseling and other disciplinary actions, and was placed on work improvement plans. When these actions failed to resolve the issues, Jones was notified that there would be a formal disciplinary hearing. Despite the notice, Jones failed to attend the hearing.[1] Based on the recommendations of the hearing officer, the defendants terminated Jones on March 31, 2006. Following Jones' termination, the secretary position at Deerwood Academy was filled by a younger female. Thereafter, Jones filed a complaint with the EEOC and the instant employment discrimination action

---

[1] Jones claims that her absence was due to medical issues, but she did not request a postponement.

in federal court, alleging age discrimination and a due process violation.[2]

The district court granted the defendants' motion for summary judgment, finding that (1) there was no direct evidence of discrimination; (2) the defendants proffered legitimate non-discriminatory reasons for the termination, and Jones had failed to show these reasons were pretextual[3]; (3) there could be no substantive due process claim for wrongful termination; and (4) the procedural due process claim failed because there was an adequate state remedy available. This appeal followed.

On appeal, Jones argues that (1) she had direct evidence of discrimination in the form of a statement from her supervisor that she "inherited old employees;" (2) she established a circumstantial case of discrimination because the defendants's reasons for terminating her were pretextual; and (3) the hearing prior to her termination violated due process.

We review a district court's grant of summary judgment de novo, viewing the record and drawing all inferences in favor of the non-moving party. Fisher v.

---

[2] Jones also alleged claims for (1) a First Amendment violation, and (2) intentional infliction of emotional distress. The district court granted summary judgment dismissing both of these claims, and because Jones does not challenge that dismissal on appeal, she has abandoned these claims. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[3] The parties do not dispute that Jones established a prima facie case of discrimination under the burden-shifting analysis applicable to cases involving circumstantial evidence. Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002).

State Mut. Ins. Co., 290 F.3d 1256, 1259-60 (11th Cir. 2002).  We review

constitutional issues de novo.  Eagle Hosp. Physicians, LLC v. SRG Consulting,

Inc., 561 F.3d 1298, 1303 (11th Cir. 2009).

      After a thorough review of the record and the parties' briefs, we affirm for

the reasons given in the district court's order dated February 3, 2009.

      **AFFIRMED.**