[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10301
Non-Argument Calendar
_____

Agency No. AT-1221-11-00370-B-1

DIANE KING,

Petitioner,

versus

DEPARTMENT OF THE ARMY,

Respondent.

_____

Petition for Review of a Decision of the
Merit System Protection Board
_____

(June 27, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Diane King petitions for review from the final judgment of the Merit System
Protections Board (MSPB), which affirmed the administrative law judge's denial
of her individual right of action (IRA) appeal in a federal whistleblower retaliation

case brought under 5 U.S.C. § 2302(b)(8).  Ms. King raises two issues in her petition: (1) whether the MSPB erred in concluding that the Department of the Army met its burden of proving by substantial evidence that it would not have hired Ms. King, regardless of her status as a perceived whistleblower, for one position; and (2) whether the MSPB erred in concluding that Ms. King failed to meet her burden of proving that the Army perceived her as a whistleblower when she was subsequently not hired for a different position.  For the reasons stated below, we deny Ms. King's petition.

## I

Because we write only for the parties, we assume their familiarity with the record in this case, and only restate those facts necessary for our decision.

Ms. King's claim arises from the Army's decision not to hire her for two separate medical technologist positions at Fort Benning, Georgia—one with the Blood Donor Center and one with the Clinical Pathology Department.  Ms. King filed a complaint with the U.S. Office of Special Counsel, alleging that the Army had retaliated against her for being a whistleblower by withdrawing the initial vacancies for the Blood Donor Center and Clinical Pathology Department positions after she applied.  She also alleged retaliation because the Army decided not to hire her once the vacancies for each position were re-issued.  Ms. King alleged that the Army instead decided to hire candidates with inferior

2

qualifications. The Office of Special Counsel declined to further investigate Ms. King's complaint.

Ms. King then filed an IRA appeal with the MSPB in October of 2010, making the same allegations. The ALJ denied Ms. King's request for corrective action. The ALJ found that Ms. King established a *prima facie* case for the Blood Donor Center vacancies, but that the Army had met its burden of showing that it would have not hired Ms. King even in the absence of knowing she was a whistleblower. For the vacancies in the Clinical Pathology Department, the ALJ found that Ms. King did not make a *prima facie* case because she had not proven that the selecting official knew or perceived her to be a whistleblower. The MSPB affirmed the ALJ's decision and denied Ms. King's petition for review, finding no basis to overturn the ALJ's findings and credibility determinations. Ms. King filed a petition for review with this Court on January 23, 2013.

## II

Since its inception in 1982, the U.S. Court of Appeals for the Federal Circuit had enjoyed exclusive jurisdiction over petitions for review of MSPB decisions that only involved whistleblower claims. This changed when Congress passed the Whistleblower Protection Enhancement Act, Pub. L. No. 112-199, § 108(a), 126 Stat. 1465 (2012) (codified as amended at 5 U.S.C. § 7703(b)(1)). *See also* S. Rep No. 112-155, at 11 (2012) (noting that from 1978 to 1982, petitions for review

could be filed in the Court of Claims, the U.S. Court of Appeals where the petitioner resided, or the U.S. Court of Appeals for the D.C. Circuit).

In 2012, Congress, through the WPEA, expanded this jurisdiction to again include "any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1). Prior to that expansion, this Court only had jurisdiction over petitions for review in "mixed" cases where whistleblower claims were coupled with discrimination claims. *See Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002). The WPEA's expansion of jurisdiction included a two-year sunset provision, giving this Court jurisdiction over whistleblower-only petitions for review for two years from the WPEA's effective date. *See* 5 U.S.C § 7703(b)(1). *See also* All Circuit Review Extension Act, H.R. 4197, 113th Cong. § 2(a) (2014) (proposing to extend the sunset provision to a total of five years).

The WPEA, however, did not amend the standard of review proscribed in 5 U.S.C. § 7703(c), which applies to "any case filed in the United States Court of Appeals for the Federal Circuit." *Id.* It is thus unclear whether the standard of review from § 7703(c) applies to other circuit courts after the WPEA's amendments, and the parties make no arguments either way. Because, however, we have previously determined that "non-discrimination claims in 'mixed cases' should be reviewed by district courts under the same deferential statutory standard of § 7703(c)," *Kelliher*, 313 F.3d at 1275, we apply § 7703(c)'s standard in this

4

case, and rely on caselaw from the Federal Circuit, without definitively deciding the issue. Under § 7703(c), we review "only to ensure that the [MSPB's] determination is (1) not arbitrary or capricious, (2) made without regard to law, or (3) not based on substantial evidence." *Kelliher*, 313 F.3d at 1276. We do not substitute our judgment for that of the MSPB, but rather only seek to ensure that the decision was "reasonable and rational," and "we do not re-weigh or re-examine the credibility choices made by the fact finder." *Id.* at 1276, 1277.

## III

Under the Whistleblower Protection Act, a federal agency cannot "take or fail to take . . . a personnel action with respect to any employee or applicant for employment because of any disclosure of information" which the statute protects. 5 U.S.C. § 2302(b)(8). *See also Ruggieri v. Merit Sys. Prot. Bd.*, 454 F.3d 1323, 1326-27 (Fed. Cir. 2006) (explaining that "personnel action" includes the failure to hire an applicant even where the agency cancels the vacancy announcement and hires no one for the position at that time).

Whistleblower claims are analyzed under a burden-shifting scheme. *See Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012). First, a claimant must establish four elements in order to make a *prima facie* case: (1) the acting official had the authority to take any personnel action; (2) the aggrieved employee made a protected disclosure; (3) the acting official used his authority to

5

take, or refuse to take, a personnel action; and (4) the protected disclosure was a contributing factor in the agency's personnel action. *See Chambers v. Dep't of Int.*, 602 F.3d 1370, 1376 (Fed. Cir. 2010). The "contributing factor" prong can be established "through circumstantial evidence, such as evidence that . . . the official taking the personnel action knew of the disclosure or protected activity" and that the personnel action happened within a period of time that a reasonable person could conclude the disclosure to be a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1).

After a claimant makes a *prima facie* case, the burden shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *See* 5 U.S.C. § 1221(e)(2). Measuring whether the agency has met this burden involves the weighing of various factors: (1) the strength of the evidence supporting the personnel action; (2) the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against similarly situated, non-whistleblower employees. *See Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). *See also Whitmore*, 680 F.3d at 1368.

**A**

With regard to the two vacancies in the Blood Donor Center, the ALJ found that Ms. King made a *prima facie* case because these vacancies were to be selected by a panel with the authority to do so, and the panel canceled one vacancy and did not hire Ms. King for the other. The ALJ found that Ms. King's whistleblower status was a contributing factor because the panel had knowledge of her status— Ms. King told the panel she was fired from the VA because she was a whistleblower. Applying the *Carr* factors, however, the ALJ also determined that the Army had met its burden after hearing testimony from each of the four panelists who interviewed Ms. King.

With regard to the first factor—the strength of the Army's evidence in support of its personnel actions—the ALJ was persuaded that the Army canceled the first vacancy announcement because the hiring officials at the Blood Donor Center were not satisfied with the fact that so few candidates had applied, and wished to attract more applicants. The ALJ was also persuaded that the Army did not hire Ms. King because the successful applicant, Martha Espinoza-Lloyd, was better suited for the position.

With regard to the second factor—evidence and strength of a motive to retaliate—the ALJ determined that the strength of the Army's motivation was negligible because the panel members did not know the basis of Ms. King's

whistleblowing activities, and the whistleblowing was not directed against the Army. The ALJ explained that two panel members had testified that they considered the prior whistleblowing as a positive, rather than a negative, factor because the Blood Donor Center position involved auditing and quality assurance.

The MSPB determined that the evidence supported the ALJ's decision "in the aggregate considering all pertinent evidence in the record, and despite evidence that fairly detracts from that conclusion." Appellant's App'x, Tab 1 at 3 (citing *Whitmore*, 680 F.3d at 1368). The MSPB also rejected Ms. King's argument that Ms. Espinoza-Lloyd did not meet the basic qualifications for the position because she did not have a bachelor's degree. The MSPB noted that an entity other than the selection panel determined that Ms. Espinoza-Lloyd was qualified, and that the position description allowed for relevant experience to substitute for having a degree.

Overall, Ms. King makes the same arguments before this Court as she did before the MSPB. Under the deferential standard of 5 U.S.C. § 7703(c), those arguments do not persuade us. The Army presented testimony from all four of the selection panel's members, who, overall, painted a consistent picture for the ALJ: the panel was not satisfied with the small pool of candidates (among whom Ms. King was the highest rated) from the first vacancy announcement, so they canceled and re-issued it. The second time around, the panel hired Ms. Espinoza-Lloyd over

8

Ms. King because Ms. Espinoza-Lloyd had glowing references, was well-regarded by two of the panel members, and was already working in a similar Armed Forces Blood Donor position. Ms. King, on the other hand, was aggressive and unresponsive to questions during her interview. We therefore find no reversible error in the decisions of the ALJ and the MSPB.

**B**

With regard to the two vacancies in the Clinical Pathology Department, the ALJ determined that Ms. King did not make a *prima facie* case because she failed to show that the selecting official, Lt. Col. Jennifer Anderson, perceived Ms. King to be a whistleblower.  Lt. Col. Anderson did not interview Ms. King and was not present during her interviews for the vacancies at the Blood Donor Center. Ms. King argues, as she did below, that this determination was wrong because the table of contents from the agency file presented on appeal identified Lt. Col. Anderson as the "source" for the documents relating to both the Blood Donor Center and the Clinical Pathology Department positions. *See* Administrative Record, Vol. 1 at Tab 5.  The MSPB rejected this argument because it found that Lt. Col. Anderson's direct testimony—that she did not know Ms. King was a whistleblower— outweighed any circumstantial inference that Lt. Col. Anderson possibly knew Ms. King was a whistleblower because she had access to the documents from the selection process for the Blood Donor position.  We find no reversible error in the

9

ALJ's and MSPB's decisions here, either, because Ms. King has not shown that this credibility determination was "inherently unreasonable or self-contradictory." *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998).

## IV

The ALJ and MSPB did not commit reversible error in finding that the Army met its burden with respect to the Blood Donor Center vacancies, and that Ms. King did not meet her burden with respect to the Clinical Pathology Department vacancies. We therefore deny Ms. King's petition.

**PETITION DENIED.**