[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15699
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80768-DPG

WYATT R. DUVALL,

                                                  Plaintiff-Appellant,

versus

INFINITY SALES GROUP, LLC,

                                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 23, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Wyatt R. Duvall appeals *pro se* the summary judgment in favor of his former employer, Infinity Sales Group, LLC, and against Duvall's complaint of discrimination in violation of the Age Discrimination in Employment Act. 29 U.S.C. § 623. The district court ruled that Duvall failed to establish a prima facie case that he was terminated from a trainee program because of his age and, alternatively, that he failed to prove that the legitimate reason proffered for his termination was a pretext for discrimination. We affirm.

The Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] age." *Id.* § 623(a)(1). To qualify for protection under the Act, the individual must be at least 40 years old. *Id.* § 631(a)(1). An individual cannot prevail in an action under the Act unless he proves that his age was the "but-for" reason for the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2351 (2009).

Duvall failed to establish a prima facie case that he was discriminated against based on his age. Duvall could not prove that he was qualified to serve as a sales agent or that he was treated less favorably than a younger employee who was similarly situated to make a threshold case of age-based discrimination. *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002). Undisputed evidence established

2

that Duvall was not qualified to perform the job of a sales agent at Infinity. *See*

*Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1520–21 (11th Cir. 1990) (holding

that plaintiff failed to establish that she was qualified because of her failure to

satisfy sales quotas required by employer). Infinity submitted an affidavit from its

chief financial officer, Laresa McIntyre, that Duvall's sales percentage of 7.32

percent was substantially less than the 14.06 sales percentage achieved by other

trainees and other sales agents. And Duvall testified that he knew Infinity

evaluated trainees based on their percentage of sales; Infinity expected about a ten

percent sales rate and his sales statistics seemed low; he struggled during his

training; and he was unable to close about half of his sales without assistance from

a trainer. Duvall alleged that he was treated different than a younger female

trainee, but McIntyre averred that the female trainee's sales percentage exceeded

17 percent. Duvall also speculated that his supervisor and two younger employees

routed unserviceable calls to him and withheld calls on one day for four hours to

reduce his sales, but McIntyre averred that Infinity used a computer system to

route incoming sales calls.

Even if Duvall had established a prima facie case of discrimination, he failed

to prove that the reason proffered for his termination was pretextual. Duvall

completely failed to "meet [the] reason [offered by Infinity] head on and rebut it."

*Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). To the contrary,

3

Duvall acknowledged that he was fired because of his poor job performance. And Duvall offered no evidence that he was fired because of his age.

We **AFFIRM** the summary judgment in favor of Infinity.