[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15422

_____

Agency No. EB-09-MD-008

SATURN TELECOMMUNICATION SERVICES, INC.,

Petitioner,

versus

FEDERAL COMMUNICATIONS COMMISSION,
UNITED STATES OF AMERICA,

Respondents.

_____

Petition for Review of a Decision of the
Federal Communications Commission

_____

(January 22, 2016)

Before MARCUS, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Saturn Telecommunication Services, Inc. (Saturn) petitions this Court for review of (1) the memorandum opinion and order of the Federal Communications Commission (FCC) Enforcement Bureau and (2) the order on reconsideration rendered by the full Commission.  Finding that Saturn had in 2006 released the claims Saturn brings in the present action, the Enforcement Bureau dismissed Saturn's complaint.  Upon Saturn's motion for reconsideration, the Commission affirmed the dismissal on the same basis and identified alternate grounds for dismissal.  AT&T, the object of Saturn's complaint, intervenes in support of the FCC.  After careful review,[1] and with the benefit of oral argument, we deny the petition.

On November 8, 2006, in resolution of a dispute in which Saturn alleged that AT&T[2] had violated its statutory obligations regarding unbundled access to network elements, Saturn and AT&T executed a Settlement Agreement.  Under the Settlement Agreement, Saturn released "all Demands, Actions, and Claims, whether known or unknown, asserted or which could have been asserted, against

---

[1] The Court reviews *de novo* the Commission's conclusions of law, such as its interpretation of a settlement agreement under Florida law.  *See MCI WorldCom Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 446 F.3d 1164, 1170 (11th Cir. 2006).  The Court applies deference, however, to the Commission's interpretation of federal communications law.  *See Georgia Power Co. v. Teleport Commc'ns Atlanta, Inc.*, 346 F.3d 1033, 1044 (11th Cir. 2003) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)). The Court reviews the Commission's findings of fact for substantial evidence.  *See Kelliher v. Veneman*, 313 F.3d 1270, 1277 (11th Cir. 2002).

[2] The 2006 dispute involved allegations of misconduct by BellSouth, Inc., which subsequently merged with AT&T.  In this appeal, we treat both entities as AT&T.

2

[AT&T] related to the [2006 dispute]."  The Settlement Agreement defines

Demands, Actions, and Claims as follows:

> [A]ll obligations, promises, covenants, agreements, contracts, endorsements, controversies, suits, actions, causes of action, rights of action, trespasses, variances, judgments, executions, damages, claims, demands, rights, charges, encumbrances, or liens of any kind or sort whatsoever or howsoever or whenever arising, in law or equity, whether known or unknown, whether liquidated or unliquidated, and whether in tort or in contract, including, without limitation, costs, expenses, penalties, attorneys' fees and other costs that relate to the claims set forth by [Saturn] in the [2006 dispute].

The Settlement Agreement thus broadly and unambiguously releases all claims that

relate to the 2006 dispute and had accrued as of the Settlement Agreement's

effective date.  *See In re Managed Care*, 756 F.3d 1222, 1236 (11th Cir. 2014)

(interpreting a similar release provision to bar claims that "could have been

asserted at the time of the Effective Date").

In the present action, Saturn alleges that AT&T has continued to violate its

statutory obligations regarding unbundled access to network elements.[3]  The

Enforcement Bureau compared Saturn's complaint with its filings in the 2006

dispute and concluded that Saturn's claims are "clearly 'related to' (or the same as)

claims that [Saturn] 'asserted' or 'could have . . . asserted' in the [2006 dispute]."

We agree.

---

[3] Saturn does not bring claims for breach of the Settlement Agreement.

3

Counts 1 through 9 relate to AT&T's alleged failure to incorporate non-designed local loops with Saturn's commingled network.  Saturn raised these same claims in the 2006 dispute.  Counts 11 and 12 relate to AT&T's failure to migrate Saturn's customers to the commingled network using a bulk migration process.  Again, Saturn raised these same claims in the 2006 dispute.  Count 13 alleges that AT&T failed to negotiate an interconnection agreement in good faith by misrepresenting the technical feasibility of commingling with non-designed loops.  Saturn raised a similar claim based on the same factual predicate in the 2006 dispute, and in any event, all of the pertinent conduct had occurred before the parties executed the Settlement Agreement.  In sum, Saturn fails to allege a new, independent violation as opposed to a continuation of the same, released misconduct.  Therefore, the Enforcement Bureau and the Commission properly concluded that the release provision in the Settlement Agreement bars Saturn's claims.

**PETITION DENIED.**

4