**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-11086**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00720-CV-RLV-1

ANDRE L. CRAWFORD,

Plaintiff-Appellant,

versus

ELAINE CHAO,

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**

_____

**(December 7, 2005)**

Before ANDERSON, DUBINA  and HULL, Circuit Judges.

**PER CURIAM:**

Andre L. Crawford, a black male who was placed on leave restriction and

ultimately terminated, appeals pro se the district court's order granting the Occupational Safety and Health Agency ("OSHA") summary judgment in his employment discrimination action under Title VII, 42 U.S.C. §§ 2000e-16, 3; and the Rehabilitation Act, 29 U.S.C. § 791. OSHA maintains that it terminated Crawford's employment because he falsified his time and attendance records. In reviewing Crawford's application for unemployment benefits, the Georgia Department of Labor ("Georgia DOL") found that OSHA had not proven by a preponderance of the evidence that Crawford was dismissed for just cause. DOL found that OSHA had improperly relied on hearsay testimony for proof of Crawford's allegedly delinquent conduct at work. Crawford argues that the DOL decision should preclude further review of his discrimination claims. Further, Crawford argues that the district court erred when it affirmed the Equal Employment Office's ("EEO") affirmance that the decision of OSHA's Merit System Protection Board ("MSPB") was based on substantial evidence and that Crawford failed to present any evidence that he was terminated on the bases of race, gender, disability, or retaliation.

## I.

We "review de novo the district court's order granting summary judgment." Pennington v. City of Huntsville, 261 F.3d 1262, 1265 (11th Cir. 2001).

2

"Summary judgment is appropriate where there is no genuine issue of material fact." Id.; see Fed.R.Civ.P. 56(c). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, we "review the facts and all reasonable inferences in the light most favorable to the non-moving party." Pennington, 261 F.3d at 1265. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Conclusory allegations . . . or evidence setting forth legal conclusions are insufficient to" show that a genuine issue of material fact exists. Wood v. City of Lakeland, Fla., 203 F.3d 1288, 1292 (11th Cir. 2000). Moreover, summary judgment cannot be avoided "based on hunches unsupported with significant probative evidence." Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1198 (11th Cir. 1997).

Crawford argues that the DOL decision finding in his favor should preclude a different decision made by the Merit System Protection Board ("MSPB"). We have "repeatedly held that an issue not raised in the district court and raised for the

3

first time in an appeal will not be considered by this court." Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quoting Walker v. Jones 10 F.3d 1569, 1572 (11th Cir. 1994) (internal quotations omitted). Crawford did not raise this point before the district court and so may not pursue it here. Furthermore, assuming arguendo that Crawford did raise this issue in the district court, we have "decline[d] to grant preclusive effect to [] unreviewed state agency determinations." Delgado v. Lockheed-Georgia Co., 815 F.2d 641, 646-47 (11th Cir. 1987) (holding that individuals, who were fired for falsifying time records and were denied unemployment benefits by a state agency, could bring a federal claim because the unreviewed agency decision did not preclude further litigation). We hold that the unreviewed state agency's opinion does not preclude federal judicial review of this matter.

## II.

### A. Nondiscrimination claim

Crawford argues that the MSPB improperly admitted hearsay evidence and concluded that there was not substantial evidence to support its ultimate finding. Generally, "MSPB determinations are reviewed on the record and set aside only if the 'agency action, finding or conclusion' is found to be: '(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" Kelliher v. Veneman, 313 F.3d 1270, 1274 (11th Cir. 2002) (quoting 5 U.S.C. § 7703(c)). Relying on the reasoning of the DOL decision, Crawford contends that the MSPB improperly admitted hearsay testimony and without such testimony, the MSPB decision is unsupported by substantial evidence. Yet these contentions ignore a vital difference between the DOL hearing and the MSPB hearing. In the former, Crawford's superior reported the testimony of fellow managers while in the latter those managers testified themselves. The MSPB determination did not rely on hearsay testimony. Because Crawford failed to show that the MSPB's decision was not supported by substantial evidence we affirm the district court's affirmance of the MSPB's decision.

**B. Discrimination claims**

<u>1. Race and gender</u>

Crawford argues that white and female employees were granted certain benefits when these were denied him. Title VII states that "[federal employees] shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). A plaintiff may prove a claim of disparate treatment by establishing a <u>prima</u> <u>facie</u> case of discrimination. <u>Jones v.</u>

Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989). To set out a prima facie case, the plaintiff may show that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." Maynard v. Bd. of Regents of the Univs. of the Fla. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir. 2003). After the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for its actions. Gerwens, 874 F.2d at 1538. "[T]he plaintiff then must establish that the employer's articulated reason was a pretext for discrimination . . . the plaintiff retains the ultimate burden of proving by a preponderance of the evidence the existence of purposeful discrimination." Id. at 1538-39.

Here, the only prima facie element at issue was whether Crawford was treated less favorably than comparators. We have held that "the most important variables in the disciplinary context, and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed." Id. at 1539-40. "[T]o meet the comparability requirement a plaintiff is required to show that he is similarly situated in all relevant aspects to the non-minority employee." Silvera v. Orange County School

6

Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (internal quotations omitted).

Here, Crawford failed to provide any evidence that he was similarly situated to or similarly treated as any other individuals, and , therefore, has failed to make a prima facie claim of either race or gender discrimination.  Assuming arguendo that Crawford made a prima facie case of race or gender discrimination, his claim is still without merit.  OSHA gave four legitimate nondiscriminatory reasons for Crawford's termination.  Specifically OSHA claimed that Crawford  (1) failed to follow procedure when requesting leave, (2) intentionally falsified his time and attendance record, (3) had a lack of candor with management, and (4) was absent without leave.  The burden then shifted to Crawford, and he had to prove that these reasons were pretextual.  "To survive summary judgment, the plaintiff must then present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext.  Mere conclusory allegations and assertions will not suffice."  Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  The Supreme Court has held that "a reason cannot be proved to be a pretext for discrimination unless it is shown *both* that the reason was false, and that discrimination was the real reason."  St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993) (emphasis in the original) (internal quotations omitted).  Here, OSHA gave four legitimate nondiscriminatory

7

reasons, and Crawford failed to present any evidence that these reasons were false and that they were not the real reasons for his termination. Therefore, Crawford has failed to show that OSHA's reasons were pretextual.

2. Disability

Crawford argues that OSHA viewed him as an employee with disabilities. Since Crawford was a federal employee, his disability discrimination claim falls under the Rehabilitation Act, 29 U.S.C. § 791, which states that the standards to be applied are the same as those under the Americans with Disabilities Act ("ADA"). 29 U.S.C. § 791(g). To establish a claim of disability discrimination, under the ADA, Crawford had to show that (1) he has a disability, (2) he is qualified for the position, and (3) he was subjected to unlawful discrimination as a result of his disability. Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). Initially, to prove a disability, Crawford had to present evidence that (1) a major life activity is limited by a physical or mental impairment, (2) he had a record of such impairment or (3) he was regarded as being impaired. 29 U.S.C. § 705(20)(B). Major life activities are defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). For a condition to limit a person's ability to work substantially, it must significantly restrict a person's ability to perform either

8

a class of jobs or a broad range of jobs in various classes as compared with the average person having compared training, skills, and abilities. Id. § 1630.2(j)(3)(i). An impairment does not substantially limit a person's ability to work merely because it prevents a person from doing a particular or specialized job or narrow range of jobs. Id. § 1630.2(j)(3)(App.). Nor does the inability to perform a single, particular job constitute a substantial limitation in the major life activity of working. Id. § 1630.2 (j)(3)(i); Hilburn v. Murata Elec. N. Am., Inc., 181 F.3d 1220, 1227 (11th Cir. 1999). It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment; rather, the ADA requires plaintiffs to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial. Toyota Mfg., Ky, Inc. v. Williams, 534 U.S. 184, 195-99, 122 S.Ct. 681, 690-92, 151 L.Ed.2d 615 (2002).

Here, Crawford has failed to provide evidence that a major life activity was affected, that he has record of an impairment, or that OSHA regarded him as being impaired, and, therefore, he failed to make a prima facie case for disability discrimination.

3. Retaliation

Crawford argues that his being placed on leave restriction and his ultimate

9

termination were results of retaliation. Pursuant to 42 U.S.C. § 2000e-3(a), it is illegal for an employer to retaliate against an employee for bringing an EEO claim. "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." Pennington, 261 F.3d at 1266 (internal quotation and citation omitted). To make a prima facie case the claimant must establish a causal connection, and to do so "a plaintiff must show that the decision-makers [were] aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000) (internal quotations omitted).

Once the plaintiff establishes his prima facie case, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for its actions. Id. "The ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct remains on the plaintiff." Id.

Here, Crawford has made a prima facie case because he showed that there was a nexus between his protected act and the adverse employment action. However, as noted earlier, OSHA provided legitimate nondiscriminatory reasons

10

for Crawford's termination, and he failed to show that these reasons were pretextual.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**