[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2008
THOMAS K. KAHN
CLERK

No. 08-11332
Non-Argument Calendar

_____

D. C. Docket No. 07-22080-CV-FAM

OMAR R. OSAHAR,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,
John Potter, Postmaster,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Omar Osahar appeals the dismissal of his complaint for failure to state a

claim. Fed. R. Civ. P. 12(b)(6). The district court concluded that Osahar failed to comply with Federal Rule of Civil Procedure 8(a)(2). We affirm.

We review de novo the dismissal of a complaint for failure to state a claim. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. "The standard for notice pleading set forth in Fed. R. Civ. P. 8(a)(2) requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2)). A district court may dismiss a complaint for failure to comply with Rule 8(a)(2) if the plaintiff can prove no facts that would entitle him to relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).

Osahar's complaint is neither short nor plain. The 62-page document is a quintessential "shotgun" pleading replete with factual allegations and rambling legal conclusions. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295–96 (11th Cir. 2002). Osahar contends that the exhibits to his complaint clarify his arguments, but to force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2). Despite the leniency afforded pro se plaintiffs, the

district court does not have license to rewrite a deficient pleading. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

Osahar's complaint fails to state a claim for relief. Osahar complains that the Post Office discriminated against him based on his race, but he fails to allege that the denial of overtime or training opportunities had a material effect on the terms or conditions of his employment. See Crawford v. Carroll, 529 F.3d 961, 970–71 (11th Cir. 2008). Osahar complains about retaliation, but admits that the alleged adverse employment action occurred "45 days previous to [the] date [he] fil[ed] [his] EEO complaint[.]" See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996). Osahar complains about breaches of his union contract, but draws no connection between the provisions of the contract and any duty of the Post Office. Osahar complains of age-based discrimination, but he fails to mention the age of the employee who was given the work assignment and repeats allegations that he was denied the assignment because of his race. See Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002).

The district court did not err when it dismissed Osahar's complaint with prejudice. Osahar attempted to amend his complaint five times. Before the last amendment, the district court warned Osahar that his failure to satisfy Rule 8(a)(2) would result in a dismissal. Osahar did not comply and failed repeatedly to state a

3

claim upon which relief could be granted. It would have been futile to allow Osahar to amend his complaint yet again. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").

**AFFIRMED.**