[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

No. 09-13940
Non-Argument Calendar

_____

D. C. Docket No. 07-02872-CV-CAM-1

ALBERT W. MORTON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 27, 2010)

Before BIRCH, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Albert Morton appeals the district court's grant of summary judgment in favor of Michael Astrue, the Commissioner of the Social Security Administration (SSA) as to his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), 3(a) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. Morton also appeals the court's denial of his motion to alter or amend judgment and its denial of his motion for recusal. We address each issue in turn, and affirm the district court.

I.

Morton first asserts the district court erred by granting summary judgment against his claim that his constitutional rights to due process were violated during his administrative proceedings before the Merit Systems Protection Board (MSPB).[1] We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the non-moving party. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). "Summary judgment is appropriate where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

---

[1] Although the Court of Appeals for the Federal Circuit generally has exclusive jurisdiction over appeals from decisions of the MSPB, a plaintiff may seek review in a district court in certain cases involving discrimination. *See* 5 U.S.C. § 7703(b); *Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002).

The Supreme Court has held that, in cases of adverse administrative governmental action, "[t]he essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 105 S. Ct 1487, 1495 (1985). More specifically, "a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.*

Morton's due process rights were not violated during his proceedings before the MSPB. The proposed suspension provided Morton with notice and an explanation of the charges against him. Morton was also afforded a day-long administrative hearing, at which the entirety of the SSA's evidence was presented and he was given the opportunity to present evidence and arguments. The decision of the MSPB contained a lengthy analysis of Morton's arguments, and its conclusions were fully supported by the record. Morton's arguments to the contrary are without merit.[2]

---

[2] Morton's argument that the SSA impermissibly delayed the processing of his EEO claim was not raised before the district court and therefore will not be considered for the first time on appeal. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). Moreover, the Administrative Judge did not limit Morton's ability to effectively cross-examine SSA's witnesses by limiting Morton's questioning to issues relevant to the proceeding.

II.

Morton next contends the district court erred by granting summary judgment against his discrimination and retaliation claims. Morton asserts he presented sufficient evidence to support his claims that he received a fifteen-day suspension and was denied favorable assignments because he is an aged black male. Morton also contends his alleged inclusion on a list of troublemaker employees constituted unlawful retaliation.

Title VII prohibits discrimination based on an employee's "race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). The ADEA mandates an employer may not discriminate against a person on account of age. 29 U.S.C. § 623(a)(1). We have adapted principles of law applicable to cases arising under Title VII to issues of age discrimination under the ADEA. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).

A defendant may establish a prima facie case of discrimination based on circumstantial evidence by showing that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected

4

class." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). The methods of presenting a prima facie case, however, "are flexible and depend to a large degree upon the employment situation." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).

The district court did not err by holding that Morton failed to establish a prima facie case of discrimination. First, the reassignment of Morton's duties did not constitute an adverse employment action. "In the vast majority of instances, . . . a change in work assignments, without any tangible harm, will be outside the protection afforded by Congress in Title VII's anti-discrimination clause . . . ." *Davis v. Town of Lake Park, Fla.,* 245 F.3d 1232, 1245 (11th Cir. 2001). Morton's reassignment was accompanied by no tangible harm, such as a decrease in pay, and did not otherwise constitute a "serious and material change" in the terms and conditions of his employment as required under Title VII. *Id.* at 1239. Second, Morton cannot establish a prima facie case with regard to his fifteen-day suspension because he has been unable to identify any similarly-situated individual outside his protected class who was treated more favorably. *See Maynard*, 342 F.3d at 1289.[3]

---

[3] Even assuming Morton could establish a prima facie case of discrimination, he has not demonstrated that the SSA's legitimate, non-discriminatory reason for the suspension—his deliberate insubordination—was pretexual.

Morton has also failed to establish a prima facie case of retaliation. "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quoting *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir.1998)). In the context of a retaliation claim, adverse actions are those that constitute a "serious and material change" in the terms and conditions of employment, *Davis,* 245 F.3d at 1239, or that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2420 (2006) (quotations omitted). Morton has not shown his alleged inclusion on a list of troublemakers—as identified by fellow employees, rather than his supervisors—would dissuade a reasonable employee from filing a complaint or otherwise constitute an adverse employment action.

### III.

Morton also contends the district court erred by denying his motion to alter or amend judgment under Rule 59(e). We review the denial of a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. *Shuford v. Fidelity Nat'l Prop. & Cas. Ins.*, 508 F.3d 1337, 1341 (11th Cir. 2007). The only grounds

for granting a motion to alter or amend judgment are new evidence or manifest error. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion to alter or amend judgment may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Id.*

In his motion to alter or amend judgment, Morton identified no new evidence or manifest error. Instead, Morton merely attempted to reargue factual issues previously decided by the district court. The district court therefore did not abuse its discretion in denying the motion.

IV.

Morton further asserts the district court erred by denying his motion for recusal because Judge Moye's judicial rulings call his impartiality into question. We review a district judge's decision not to recuse himself for an abuse of discretion. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Judicial recusal is appropriate where, inter alia, a judge's impartiality may reasonably be questioned. *See* 28 U.S.C. § 455(a). Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994). Morton has merely cited to Judge Moye' judicial rulings and has pointed to no facts that cast doubt on Judge Moye's

impartiality. The district court therefore did not abuse its discretion by denying Morton's motion for recusal.

V.

The district court did not err by granting summary judgment against Morton's complaint. Morton was afforded due process in his administrative proceedings before the MSPB and has failed to present a prima facie case of discrimination or retaliation under either Title VII or the ADEA. Morton's motion to alter or amend judgment and his motion for recusal are likewise without merit. The decisions of the district court are therefore affirmed.

**AFFIRMED.**