[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13470
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-01580-VEH

JENNIE MCQUEEN,

Plaintiff-Appellant,

versus

WELLS FARGO,

Defendant,

AEROTEK,
WELLS FARGO HOME MORTGAGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 29, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Jennie McQueen appeals, pro se,[1] from the district court's grant of summary judgment in favor of Aerotek, Inc. (Aerotek), and Wells Fargo Home Mortgage (Wells Fargo), in her employment discrimination suit under Title VII, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621.  McQueen, a 62-year old African-American female represented by counsel, filed the present suit in 2011 against Aerotek and Wells Fargo under Title VII, 42 U.S.C. § 1981, and the ADEA.  In her complaint, as later amended, she alleged that as part of her employment with Aerotek, a temporary employment agency, she was assigned to work for Wells Fargo's Loss Mitigation Department.  During her assignment at Wells Fargo, McQueen's direct supervisor was Tyler Mardis, a "much younger" Wells Fargo employee.  According to McQueen, Mardis:  (1) made derogatory comments about alleged mistakes she made in the course of her work; (2) reassigned assignments that she had already largely completed to a younger white employee; (3) frequently threatened to fire her; and (4) informed other employees that she was behind in her work.  McQueen eventually filed grievances with Aerotek regarding Mardis's behavior.  Shortly

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

thereafter, Mardis informed her that she had committed fraud on a loan borrower's file. Then, within ten days of the original filing of her grievances, Aerotek informed her that Wells Fargo was discontinuing her assignment due to her alleged fraud.

On appeal, McQueen presents four arguments. First, she contends that the district court erred in concluding that she did not establish a prima facie case of race discrimination against both Aerotek and Wells Fargo, under Title VII and § 1981. Similarly, she argues that she did establish a prima facie case of racially hostile work environment against both defendants, under § 1981. Next, she contends that that district court erred in concluding that she failed to establish a prima facie case of age discrimination under the ADEA against Wells Fargo. Finally, she argues that the court erred in concluding that she did not establish a prima facie case of retaliation under § 1981 against both Aerotek and Wells Fargo. Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

We review a district court's grant of summary judgment de novo, viewing all evidence in a light most favorable to the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

Title VII prohibits an employer from discriminating against a person based on race. 42 U.S.C. § 2000e-2(a)(1). Similarly, 42 U.S.C. § 1981 provides that

3

"[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  "The elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim in the employment context."  *Rice-Lamar v. City of Fort Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000).

When a plaintiff relies on circumstantial evidence of discrimination, as in this case, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).  *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).  To make out a prima facie case of racial discrimination, the plaintiff must show that "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job."  *Burke–Fowler v. Orange Cnty., Fla.,* 447 F.3d 1319, 1323 (11th Cir. 2006) (per curiam).

Here, the district court correctly concluded that McQueen could not establish a prima facie case of race discrimination under Title VII against either Aerotek or Wells Fargo.  McQueen did not submit any evidence that she was replaced by, or treated less favorably than, a similarly situated employee outside of her protected class.  *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).  As

the district court correctly noted, the only coworker that McQueen identified as a potential comparator did not violate Wells Fargo's employee policy by altering a mortgage loan document following second-level review without authorization, as McQueen did.  Thus, McQueen failed to show that a comparator, who was similarly situated in all relevant respects, received more favorable treatment than she did.  *See Burke-Fowler*, 447 F.3d at 1323 ("requir[ing] that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."); *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam) (holding that in order to make a valid comparison as part of her prima facie case, the plaintiff must show that she and the comparator are "similarly situated in all relevant respects").  Accordingly, the district court correctly concluded that McQueen failed to establish a prima facie case of race discrimination against Aerotek or Wells Fargo.  *See Maynard*, 342 F.3d at 1289.

## II.

Generally, we refrain from deciding issues not raised in the district court. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Aerokek argues that because McQueen did not raise the racially hostile work environment claim below, we should not address it.  We agree.

5

The record shows that McQueen did not raise a racially hostile work environment claim in either her initial complaint or her amended complaint. She also did not present any argument as to a potential hostile work environment claim in her response to the defendants' motions for summary judgment. Accordingly, the district court correctly concluded that McQueen did not properly plead a hostile work environment claim. *See* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief.").

## III.

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies to individuals who are at least 40 years of age. *Id.* § 631(a). "[T]he plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105 (2000) (internal quotation marks omitted).

Applying the *McDonnell Douglas* framework, the plaintiff can establish a prima facie case of age discrimination by showing, in part, that she was replaced

by, or treated less favorably than, a substantially younger person. *See Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002) (applying *McDonnell Douglas* in an age discrimination context); *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (same). We have also held that, following the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 129 S. Ct. 2343 (2009), ADEA plaintiffs may also make a prima facie case by showing by a preponderance of the evidence that age was the "but-for" cause of the employer's adverse action. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332–33, 1337 (11th Cir. 2013) (reaffirming the utility of the *McDonnell Douglas* framework post-*Gross*, while also noting that *McDonnell Douglas* is not the only method by which ADEA plaintiffs may make a prima facie case).

The district court correctly granted Wells Fargo's motion for summary judgment on McQueen's age discrimination claim. First, McQueen did not establish a prima facie case of age discrimination under the ADEA. Applying the *McDonnell Douglas* framework, McQueen did not establish that she was replaced by, or treated less favorably than, a substantially younger person. *See Kelliher*, 313 F.3d at 1275; *Chapman*, 229 F.3d at 1024. Accordingly, she did not establish a prima facie case of age discrimination.

Next, McQueen did not present any evidence that she was mistreated on account of her age—she did not establish that her age was the "but-for" cause of

any adverse employment action. *See Sims*, 704 F.3d at 1332–33, 1337. The district court did not err in granting summary judgment in favor of Wells Fargo on McQueen's age discrimination claim.

## IV.

Title VII and § 1981 prohibit employers from taking adverse actions against employees in retaliation for their opposition to statutorily prohibited racial discrimination. *See* 42 U.S.C. § 2000e-3(a); *CBOCS Inc. v. Humphries*, 553 U.S. 442, 446, 128 S. Ct. 1951, 1954–55 (2008). In the employment context, the same substantive analysis applies to claims of discrimination under § 1981 and Title VII. *Turnes v. AmSouth Bank*, 36 F.3d 1057, 1060 (11th Cir. 1994). Accordingly, while McQueen's amended complaint raised a retaliation claim only under § 1981, this court, like the district court, may analyze her claim under the Title VII framework.

Title VII prohibits private employers from retaliating against an employee because she has opposed acts made unlawful by that law. 42 U.S.C. § 2000e-3(a). In order to establish her prima facie case of retaliation, the plaintiff may show, among other things, that she engaged in statutorily protected expression. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). In order to establish statutorily protected expression, it is necessary for a plaintiff to show that she "had a good faith, reasonable belief that the employer was engaged in unlawful

8

employment practices." *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997).

The district court correctly granted the defendants' motions for summary judgment on McQueen's retaliation claims, as she did not establish a prima facie case of retaliation under § 1981.  Specifically, McQueen failed to demonstrate that the discrimination grievances she submitted to Aerotek constituted statutorily protected expression, as she did not present any evidence showing that her belief that she suffered race discrimination was objectively reasonable.  Rather, she expressly admitted that no one at Aerotek or Wells Fargo ever made any derogatory comments towards her, or otherwise mistreated her, on the basis of her race.  Accordingly, the district court correctly found that she failed to establish a prima facie case of retaliation.

**AFFIRMED.**