[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15759
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00508-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LAWRENCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 21, 2018)

Before WILLIAM PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Lawrence appeals his 180-month sentence, which the district court imposed after accepting a plea agreement that included an appeal waiver. Because we conclude Lawrence knowingly and voluntarily waived his right to appeal, we dismiss.

## I.

Lawrence was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and carrying a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). Lawrence agreed to plead guilty to the first two of those charges. As part of the written plea agreement, Lawrence expressly waived his right to appeal unless: (1) the court imposed a sentence above the Guideline range; (2) the court imposed a sentence above the statutory maximum; (3) the sentence violated the Eighth Amendment; or (4) the government appealed the sentence imposed. At the change-of-plea hearing, the district court explained these four exceptions and attempted to ensure that Lawrence understood he was otherwise unable to appeal. The court noted, and Lawrence acknowledged, that he had signed the end of the agreement and initialed the first seventeen pages. Lawrence further acknowledged that he had discussed every provision of the plea agreement in detail with his attorney and that he understood them all. Nevertheless, the district court undertook to explain at length some of the sentencing provisions and

the waiver of appeal.  Twice during the hearing, Lawrence assured the court, upon its questioning, that he would immediately stop the proceedings if he was at any time confused.

Lawrence also explained, however, that he suffered from schizophrenia.  He had been prescribed Risperdal, which normally he took at night and had taken the night before the hearing.  He affirmed that his mind was clear and he was thinking appropriately.  A psychologist had evaluated Lawrence and concluded he was competent to proceed.

After Lawrence acknowledged that he was pleading guilty freely and voluntarily, that he accepted every provision of the plea agreement, including the waiver of appeal, and that he was satisfied with his counsel's representation, the court accepted his plea.  There were no objections to the presentence report.  The court sentenced Lawrence to the mandatory minimum of 180 months.

The district court entered judgment on December 12, 2016.  On December 6, 2017, Lawrence moved *pro se* under 28 U.S.C. § 2255 to vacate his sentence or reinstate his right to appeal.  He alleged, in part, ineffective assistance of counsel for failure to appeal.  On December 19, 2017, the district court granted the motion, "but only to the extent that Plaintiff will be afforded an out-of-time appeal pursued by appointed counsel."  The court followed the procedure we laid out in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), vacating the underlying criminal

judgment, reimposing the same sentence, and advising Lawrence of his right to appeal and how long he had to appeal. *See id.* at 1201. The civil habeas case was terminated in Lawrence's favor, and the criminal judgment was amended. This timely direct appeal of the amended criminal judgment followed.

On appeal, Lawrence first argues that the appeal waiver in his plea agreement was not made knowingly or voluntarily. Second, he contends that his sentence is unconstitutional. Third, he asks that we remand his case and direct the district court to reinstate his § 2255 motion.

## II.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the "government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

The record demonstrates that Lawrence's appeal waiver was made knowingly and voluntarily. The district court specifically questioned Lawrence

4

about the plea waiver during his plea colloquy, focusing on the precise terms of Lawrence's waiver. After an extended discussion, the court explained the waiver in clear terms: "The bottom line is this, Mr. Lawrence. Unless one [of the] four exceptions applies, you'll have to live with whatever sentence I give you without the benefit of a direct appeal to the Eleventh Circuit Court of Appeals. Do you understand that?" Lawrence responded, "Yes, sir."[1] We are satisfied that Lawrence's waiver was knowing and voluntary.

Lawrence also argues he received ineffective assistance of counsel. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quoting *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002)).

The district court developed no factual record on the ineffective-assistance issue. We decline to consider Lawrence's ineffective-assistance argument without the district court having first considered it. As we explain below, Lawrence faces

---

[1] Lawrence devotes much of his initial brief's statement of facts to insinuating he was mentally incompetent. He contrasts his behavior at the change-of-plea hearing with his earlier "active, and sometimes aggressive, stance during other hearings," contending that the difference "suggests that [he] was very subdued and may have been experiencing the effects of the psychotropic drugs." Setting aside the purely speculative nature of this suggestion, we note that Lawrence does not advance the argument in the argument section of his brief. We deem issues waived when they are raised only in the introductory sections of the initial brief and are not developed in the arguments on the merits. *See Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002).

no bar to filing a new § 2255 motion, which is the preferred vehicle by which to argue deficient performance of counsel.  *See id.* at 1328–29.

### III.

In his attempt to appeal his sentence directly, Lawrence maintains his sentence was imposed under an unconstitutional statutory provision.

Whether we can consider Lawrence's argument turns on the appeal waiver in his plea agreement.  "A plea agreement is, in essence, a contract between the Government and a criminal defendant."  *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).  We generally cannot "write into the contract an exception that the parties did not agree to."  *Johnson*, 541 F.3d at 1069.  Accordingly, a sufficiently comprehensive "appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).  This reasoning extends even to unpreserved claims of certain constitutional violations.  *See id.* at 1296–97 (rejecting claim that sentence violated Fifth and Sixth Amendments when those constitutional claims were not exceptions in the plea agreement).  Nevertheless, "an effective waiver is not an absolute bar to appellate review."  *Johnson*, 541 F.3d at 1068.  We have recognized that a defendant does not waive his right to appellate review when sentenced "based on a constitutionally impermissible factor such as race" or if there are "extreme circumstances—for instance, if the district court had

sentenced [the defendant] to a public flogging . . . ." *Id.* (quoting *Bushert*, 997 F.2d at 1350 n.18, and *Howle*, 166 F.3d at 1169 n.5).

Lawrence does not argue, and we do not see, that any of the four exceptions in his appeal waiver applies here.  Nor does Lawrence allege that he was sentenced Lawrence based on constitutionally impermissible factors or that there are any "extreme circumstances."  Accordingly, having concluded that Lawrence's appeal waiver is valid, we cannot consider Lawrence's constitutional challenge.

## IV.

Acknowledging that he should first argue the ineffective-assistance issue in the district court, Lawrence asks that we remand his case with instructions to reinstate his § 2255 motion.

Lawrence asks for relief we cannot grant.  He prevailed on his § 2255 motion to a limited extent: the district court allowed him to file a late direct criminal appeal.  Thus, this appeal comes from the *criminal* action against Lawrence.  We lack jurisdiction to reinstate his separate, unappealed civil action.

But all hope is not lost.  A new § 2255 motion raising the issues the district court declined to reach would not be barred as a "second or successive motion" under 28 U.S.C. § 2255(h).  *See McIver v. United States*, 307 F.3d 1327, 1330–32 (11th Cir. 2002) (holding that a "successful motion to file an out-of-time notice of appeal [] does not render subsequent collateral proceedings 'second or

successive'").  Should Lawrence elect to pursue further collateral proceedings, he faces no § 2255(h) hurdle.

**APPEAL DISMISSED.**