[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14000
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00078-WLS

EDDIE LEE COTTON,

Plaintiff-Appellant,

versus

ENMARKET INC,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(April 30, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Eddie Cotton has a filed a pro se appeal of the district court's grant of summary judgment in favor of Enmarket Inc. ("Enmarket") on his claims of race- and age-based employment discrimination, brought pursuant to Title VII of the Civil

Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). On appeal, Cotton argues that the district court: (1) erred in granting summary judgment to Enmarket since his qualifications made it implausible that Enmarket could have promoted another employee over him and he successfully rebutted Enmarket's nondiscriminatory reasons for doing so; and (2) improperly considered declarations of two of his supervisors. After careful review, we affirm.

We review de novo a summary judgment determination, viewing all evidence in the light most favorable to the non-moving party. Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011). The party moving for summary judgment bears the initial burden of establishing the absence of a dispute over a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party, who may not rest upon mere allegations, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). While we construe pro se briefs liberally, we will not act as de facto counsel for litigants, and a pro se litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001).

First, we are unpersuaded by Cotton's claim that the district court erred in granting summary judgment in favor of Enmarket on his race and age discrimination

2

claims.  Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] race . . . ." 42 U.S.C. § 2000e–2(a)(1).  A plaintiff may prove a violation of Title VII through direct evidence of discriminatory intent or circumstantial evidence satisfying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989).

Under that framework, a plaintiff bringing discrimination claims under Title VII and the ADEA has the burden of first proving by a preponderance of evidence a prima facie case of discrimination, which he may do by proving that (1) he belongs to a protected class (that is, is a racial minority for purposes of Title VII, or is over forty years old for purposes of the ADEA); (2) he was qualified for the position sought; (3) despite his qualifications, he was rejected for the position; and (4) after his rejection, the employer filled the position with another person who is not a part of the protected class and who was equally or less qualified for the promotion than the plaintiff.  Lewis v. City of Union City, Ga., 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc); Kragor v. Takeda Pharms. Am., Inc., 702 F.3d 1304, 1308 (11th Cir. 2012); Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002).

If the plaintiff successfully establishes a prima facie case of discrimination, a presumption of discrimination is created, and the burden of production shifts to the

employer to offer a legitimate, nondiscriminatory reason for the adverse employment action to rebut the presumption. Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013). Where "several candidates are well-qualified for a single position, . . . the employer's testimony that it chose the person it thought best qualified" is ordinarily sufficient. Smith v. Horner, 839 F.2d 1530, 1539 (11th Cir. 1988). The defendant's burden is one of production, not persuasion, and is "exceedingly light." Id. at 1537. If the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff must persuade the court that the employer's stated reason is pretext for discrimination. Id.; Kragor, 702 F.3d at 1308. If the defendant has articulated more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive summary judgment. Chapman v. AI Transp., 229 F.3d 1012, 1037 (11th Cir. 2000).

Evidence that the plaintiff was more qualified than the person selected for the position in question "may suffice, at least in some circumstances, to show pretext." Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006). However, because it is "axiomatic" that courts "cannot second-guess the business decisions of an employer," a plaintiff who seeks to show pretext through implausibility faces a high burden. Rowell v. BellSouth Corp., 433 F.3d 794, 798 (11th Cir. 2005). The plaintiff must be able to show that the disparities in qualifications are "of such weight and significance that no reasonable person, in the exercise of impartial judgment,

4

could have chosen the candidate selected over the plaintiff." Springer v. Convergys Customer Mgmt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007) (quotations omitted). An employee's opinion about his own qualifications are insufficient to create a triable issue of fact. Lee v. GTE Fla., Inc., 226 F.3d 1249, 1254 (11th. Cir. 2000); see also Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (explaining that "conclusory allegations without specific supporting facts have no probative value") (quotations omitted).

Here, the district court did not err in granting summary judgment in favor of Enmarket. Cotton's complaint was based on his allegation that his employer, Enmarket, had illegally discriminated against him on race and age grounds by promoting a younger, white employee, Edith Morgan, to a managerial position over him. He claimed that his experience with Enmarket, which began in 2001, made him a much more qualified candidate for the position.

However, the district court correctly determined that Cotton had failed to meet his burden of showing that it was implausible that Enmarket could have promoted Morgan over him in light of their respective qualifications. Rowell, 433 F.3d at 798. Cotton argued to the district court that he had been employed longer than Morgan, that he had completed a computer course that Morgan had not, that he, in his opinion, was better at certain managerial tasks than Morgan, and that he had received a better evaluation than Morgan at least once. But Cotton did not explain how ten years as

a cashier made him more qualified to be a manager than Morgan who was a shift leader. The jobs have distinct responsibilities, and Cotton did not dispute that Morgan was frequently acting as a store manager while a shift leader, and that her supervisors were actively grooming her to take a management position. Nor did Cotton explain how taking a general computer course over fifteen years before he sought the promotion makes him more qualified than Morgan. He did not suggest that the general course gave him insight into the workings of Enmarket's computer systems, nor did he dispute that Morgan was apparently very skilled in their use. As for Cotton's conclusory claim that he was superior to Morgan as an employee, his subjective opinions are insufficient to establish pretext. Lee, 226 F.3d at 1254. And while Cotton admits that both he and Morgan were reprimanded at various times, he did not meaningfully dispute the evidence showing that, overall, Morgan received better evaluations. Thus, because Cotton failed to show that his qualifications made him objectively superior to Morgan, he did not establish that no impartial employer could have promoted Morgan over him. Springer, 509 F.3d at 1349.

Likewise, the district court did not err in concluding that Cotton had failed to rebut Enmarket's proffered nondiscriminatory reasons for hiring Morgan instead of him. Cotton's submissions in response to Enmarket's motion for summary judgment consisted almost entirely of conclusory allegations, and he failed to meet his burden of rebuttal. Fed. R. Civ. P. 56(e); Eberhardt, 901 F.2d at 1580. Enmarket provided

6

seven legitimate, nondiscriminatory reasons for its decision to promote Morgan over Cotton -- and perhaps most critically, Cotton did not meaningfully address Enmarket's claim that Morgan was more qualified for the assistant manager position because she had been performing the duties of assistant manager in her capacity as shift leader for some time before being formally promoted.  Cotton did not deny that he had been a cashier at Enmarket for the entirety of his employment, nor did he disprove that based on Enmarket's internal policies, employees typically become shift leaders before being promoted to assistant manager.  Nor, as we've said, did he deny that Morgan had effectively acted as assistant manager on numerous occasions, nor that she was being groomed for the position prior to her promotion.  Because, among other things, Cotton failed to rebut Enmarket's claim that Morgan's experience made her better suited for the role, the district court did not err in granting summary judgment to Enmarket on this claim. Chapman, 229 F.3d at 1037.

Finally, we cannot say that the district court erred in considering any of the evidence Enmarket submitted.  Cotton has not pointed with specificity to any comments he believes were improper, nor has he cited to any authority to support his claim that the declarations of two of his supervisors should have been excluded.  And, because he failed to make any other substantive arguments in his initial brief on appeal, he has abandoned them.  Timson, 518 F.3d at 874; Denney, 247 F.3d at 1182.  Accordingly, we affirm.

**AFFIRMED**.