[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10389
Non-Argument Calendar

_____

D.C. Docket No. 1:91-cr-00317-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON LOPEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Lopez, a federal prisoner represented by counsel on appeal,[1] challenges the district court's order denying his motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as modified by § 603 of the First Step Act.[2]  Lopez argues that the district court abused its discretion when it denied his motion for compassionate release because it erred in determining the scope of its authority by interpreting the policy statement in U.S. Sentencing Guidelines Manual § 1B1.13 as limiting the court's discretion and because it did not consider certain of his arguments as "other factors" warranting compassionate release under this policy statement.

We review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  Id. (internal quotation marks omitted).  We may affirm on any ground supported by the record.  United States v. Muho, 978 F.3d 1212, 1219 (11th Cir. 2020).

---

[1]    Lopez filed the motion underlying this appeal pro se, but counsel subsequently filed a memorandum in support of the motion in the district court.

[2]    First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239.

Section 3582(c)(1)(A) permits district courts to modify a term of imprisonment when they otherwise lack the inherent authority to do so. 18 U.S.C. § 3582(c); United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). Prior to the enactment of the First Step Act in December 2018, § 3582(c)(1)(A) allowed a district court to reduce a prisoner's term of imprisonment only upon motion of the Bureau of Prisons ("BOP") Director. 18 U.S.C. § 3582(c)(1)(A) (2018). Section 3582(c) now provides that in addition to a motion by a BOP Director, "upon motion of the defendant after the defendant has fully exhausted all administrative rights," a district court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); Pub. L. No. 115-391, § 603(b), 132 Stat. at 5239.

The district court determined that U.S. Sentencing Guidelines Manual § 1B1.13 was the applicable policy statement that defined the court's authority and limited its discretion. Section 1B1.13 permits a sentence reduction, "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the district court determines that "[e]xtraordinary and compelling reasons warrant the reduction," "[t]he defendant is not a danger to the safety of any

3

other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the reduction is consistent with the statement. U.S.S.G. § 1B1.13(1)(A), (2), (3). The commentary to the policy statement defines four factors that qualify as extraordinary and compelling reasons: medical condition, age, family circumstances, and "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." § 1B1.13, cmt. n.1.

Lopez argues that district court committed legal error by concluding that this policy statement limited the court's discretion because the Sentencing Commission has not issued a new policy statement since the First Step Act became effective and thus no policy statement addresses motions for compassionate release filed by federal inmates, as opposed to by BOP directors. He thus urges that § 1B1.13 is mere guidance and, at the same time, that under the First Step Act, district courts have as much discretion as the BOP held prior to the Act under the "other reasons" provision of § 1B1.13. In particular, he argues the court erred by not considering any factor not expressly listed in the commentary and not addressing as "other reasons" for release his argument about the effect Apprendi v. New Jersey, 530 U.S. 566 (2000), and Alleyne v. United States, 570 U.S. 99 (2013), would have had on his sentence had he been sentenced after those decisions were issued.

Lopez's arguments in this regard, however, are foreclosed by our Court's recent decision in United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021).

In <u>Bryant</u>, our Court addressed two questions related to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, and U.S.S.G. § 1B1.13: "[f]irst . . . whether district courts reviewing defendant-filed motions under Section 3582(c)(1)(A) are bound by the Sentencing Commission's policy statement," and "[s]econd, . . . how [should] district courts . . . apply that statement to motions filed under Section 3582(c)(1)(A)." 996 F.3d at 1247. As to the first question, the <u>Bryant</u> court held that § "1B1.13 is an applicable, binding policy statement for all Section 3582(c)(1)(A) motions," regardless of whether the motions are brought by inmates or BOP directors. 996 F.3d at 1262. With regard to the second question, the <u>Bryant</u> court made clear that § 1B1.13's catch-all "other reasons" provision provides discretion only to the BOP to develop other reasons (outside of age, medical condition, and family circumstances) warranting compassionate release, not district courts. <u>Id.</u> Thus, district courts may not reduce a sentence by granting a motion filed by a prisoner that asserts as the basis for a finding of extraordinary and compelling reasons "other reasons."

Therefore, in this case, the district court did not err as Lopez urges. The district court did not err in not considering any of Lopez's other arguments outside the framework required by § 3582(c)(1)(A) and § 1B1.13 and its commentary. And the district court did not err in not thoroughly addressing the merits of Lopez's <u>Apprendi-Alleyne</u> argument because that argument does not fit within any

5

of the three express factors in § 1B1.13, and the district court did not have discretion to consider it under the "other reasons" category.[3]  The district court had no discretion to consider any of Lopez's arguments as "other reasons" warranting his compassionate release.  The district court properly determined that the policy statement in § 1B1.13 constrained the court's discretion and was not just guidance, as Bryant makes clear.

Not foreclosed completely by Bryant are Lopez's arguments that the district's analyses of his age, medical conditions, and family circumstances were erroneous under the proper framework.  However, and as the government argues,[4] even if the district court erred in determining that Lopez did not present any

---

[3]    Lopez argues that his case should be remanded because, in violation of Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), the district court completely failed to address his argument regarding Apprendi.  But the district court did, in fact, address such argument:  the district court explained in a footnote that it had considered Lopez's argument regarding Apprendi and the "other reasons" category and concluded that it was not properly before the Court on a motion for compassionate release.  And Clisby, by its terms, only requires "district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254."  960 F.2d at 936.  Instead, for compassionate release motions made pursuant to 18 U.S.C. § 3582(c)(1)(A), "a district court 'must explain its sentencing decisions adequately enough to allow for meaningful appellate review,'" and "we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon."  United States v. Cook, 998 F.3d 1180, 1184–85 (11th Cir. 2021) (citations omitted).  The district court's footnote explaining why it was rejecting this argument by Lopez was enough to satisfy the applicable standard.  The district court was not required to explain further its valid legal conclusion.

[4]    The government conceded in a letter filed after briefing that Lopez demonstrated extraordinary and compelling reasons, establishing eligibility for compassionate release, in that his hypertension may increase the likelihood of severe COVID-19.  But the government maintains that the district court, nonetheless, did not abuse its discretion in denying Lopez's motion because it properly considered the applicable § 3553(a) factors.

extraordinary and compelling reasons, Lopez does not challenge the district court's alternative holding that he presents a danger to the community, nor does he rebut the government's argument that the district court appropriately considered the applicable § 3553(a) factors, which include the defendant's history and characteristics. See 18 U.S.C. § 3553(a)(1); see also Cook, 998 F.3d at 1184 (holding a district court must consider the applicable § 3553(a) factors and explain its decision in a way that allows for meaningful appellate review). Indeed, the district court explained in its order that it was "inclined to touch upon Defendant's criminal background and history of disrespect for the law"—despite its holding that Lopez failed to demonstrate extraordinary and compelling reasons—and proceeded to describe Lopez's extensive criminal history that started in 1981 and included violent and drug-related conduct and a history of disciplinary infractions while imprisoned. Lopez presents no argument that the district court should have considered other applicable § 3553(a) factors or that it was not within its discretion to conclude as it did regarding Lopez's being a danger to others and the community. Lopez has thus waived any arguments on these issues. See Kelliher v. Veneman, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (holding that when a party makes "no arguments on the merits as to [an] issue, the issue is deemed waived"). Therefore, we conclude that the district court was within its discretion to deny Lopez's compassionate release motion after its valid determination that Lopez

presented a danger to the safety of another or the community and its consideration of applicable § 3553(a) factors.

Accordingly, we affirm the order of the district court denying Lopez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

AFFIRMED.